¶ 1 I concur with the majority's conclusion that appellee is an insured under the business auto policy issued by Buckeye Union, but for a different reason.
 {¶ 2} The majority, in its Opinion, holds that pursuant to the definition of an insured contained in Section C of the "Drive Other Car Coverage — Broadened Coverage for Named Individuals" endorsement, "underinsured motorists coverage is broadened to include appellee and any resident family member except for when occupying any vehicle they own."
 {¶ 3} Section C specifically states as follows:
 {¶ 4} "C. CHANGES IN AUTO MEDICAL PAYMENTS AND UNINSURED AND UNDERINSURED MOTORISTS COVERAGES
 {¶ 5} "The following is added to WHO IS AN INSURED:
 {¶ 6} "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
 {¶ 7} "Any `auto' owned by that individual or by any `family member.'" (Emphasis added.)
 {¶ 8} However, appellee Michael Cline is not named in the "Schedule" referred to in Section C. For such reason, I disagree with the majority's assertion that "underinsured motorists coverage is broadened to include appellee and any resident family members except for when occupying any vehicle they own."
 {¶ 9} However, I concur with the majority's conclusion that appellee is an insured for UIM purposes under the Buckeye Union business auto policy. The "Drive Other Car Coverage — Broadened Coverage for Named Individuals" endorsement adds to the definition of who is an insured for UIM purposes. Thus "you" remains as an insured under the UM/UIM endorsement and, pursuant to Scott-Pontzer, includes the corporations' employees. As noted by this Court in Dalton v. LumbermansMut. Ins. Co., Stark App. No. 2002CA00198, 2003-Ohio-2897, "[i]t is axiomatic by adding a broadened coverage to the definition of `who is an insured' for UIM purposes the Drive Other Car Coverage — Broadened Coverage for Named Individuals endorsement does not serve to reduce or restrict `Who Is an Insured' under the UIM endorsement in the policy itself. Because that endorsement contains the same ambiguity found inScott-Pontzer, appellee is insured thereunder." See also Moore v.Hartford Fire Ins., Delaware App. No. 02CAE-10-048, 2003-Ohio-2037.
 {¶ 10} Based on the foregoing, I concur with the majority that appellee is an insured under the Buckeye Union business auto policy.
 {¶ 11} However, while the majority finds that appellee Buckeye Union is entitled to a $200,000 set off, I disagree. As the majority notes in its Opinion, appellee received $100,000 from the tortfeasor and another $100,000.00 from his own personal policy, for a total of $200,000. Former R.C. 3937.18(A)(2), now subsection (C), provides, in part, that "[t]he policy limits of underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds " (Emphasis added.) Of the $200,000 received by appellee, $100,000 was received from appellee's own UM/UIM coverage — not from any liability coverage. For such reason, I would find that Buckeye Union is only entitled to a $100,000 set off, representing the amount received from the tortfeasor.